FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 11, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

CURTIS WILLIAMS, INDIVIDUALLY
AND ON BEHALF OF
OTHERS SIMILARLY SITUATED                                    PLAINTIFFS

v.                      Case No. ____17-4155_____

SOUTH ARKANSAS YOUTH SERVICES INC.,
AND JERRY K. WALSH                                           DEFENDANTS

## COLLECTIVE ACTION COMPLAINT

Comes now the Plaintiff, Curtis Williams, individually and on behalf of others similarly situated, by and through his attorneys, Michael Ray and Steven Schulte, and for his Complaint against Defendants, South Arkansas Youth Services, Inc. and Jerry Walsh, states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff Curtis Williams (hereinafter "Williams"), named above, individually and on behalf of others similarly situated, against Defendants, South Arkansas Youth Services, Inc. hereinafter ("SAYS") and Jerry K. Walsh (hereinafter "Walsh").

1

2. Williams worked at the South Arkansas Youth Services, Inc. facility in Lewisville, Arkansas.

3. The SAYS facility in Lewisville, Arkansas housed juveniles considered moderate to severe offenders in a secured facility.

4. Williams, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (hereinafter "AMWA"), for declaratory judgement, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' commonly applied policy of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, infra.

6. Plaintiff will file his own written Consent to Join this lawsuit pursuant to Section 216.

7. This is a representative action under the Fair Labor Standards Act. Plaintiff is similarly situated to a larger group of misclassified employees who were not paid overtime and/or minimum wage by SAYS during the course of their employment. SAYS, upon information and belief, improperly treated Plaintiff and other employees as exempt under the FLSA.

## II. PARTIES

### A. Plaintiff

8. Plaintiff, Curtis Williams, is a citizen of Columbia County, Arkansas.

9. Williams was employed by SAYS from April 23, 1999 to on or about March of 2017.

10. Williams held the job title of Team Leader beginning in 2004. Williams held the job title of Supervisor beginning in 2009. Williams held the title of Supervisor from 2009 until the termination of his employment.

11. Williams was classified by SAYS as exempt from the overtime pay requirements of the FLSA and the AMWA, in his role as Supervisor.

12. Williams was engaged in interstate commerce as that term is defined in the FLSA and the AMWA.

### B. Defendants

13. Defendant, South Arkansas Youth Services, Inc. (hereinafter "SAYS"), is a private, nonprofit, Arkansas Corporation with its principal place of business located at 301 S. Boundary St., Magnolia, Arkansas 71753.

14. At all times material to this lawsuit, SAYS was the employer of Williams and all others, similarly situated.

15. SAYS has annual gross revenues exceeding $500,000.00.

16. SAYS is engaged in interstate commerce as that term is defined in the FLSA and the AMWA.

17. At all times relevant to this Complaint, SAYS has constituted an enterprise engaged in interstate commerce as defined by the FLSA and The AMWA.

18. SAYS houses juvenile offenders under various contracts with the State of Arkansas.

19. SAYS has as its registered agent for service Michael Boyd, who is located at 1832 Pearce St, Magnolia, AR 71753.

20. Defendant Walsh is an individual resident of Columbia County, Arkansas.

21. At all times relevant to this lawsuit, Defendant Walsh was the employer of Curtis Williams and all those similarly situated as defined by the FLSA, 29 U.S.C. § 203(d).

22. At all times relevant to this lawsuit, Defendant Walsh was the Principal and Director of Defendant SAYS.

23. As Principal and Director at Defendant SAYS, Defendant Walsh had the authority to hire and fire employees, including Curtis Williams and other similarly situated employees.

24. As Principal and Director at SAYS, Defendant Walsh managed and controlled the operations and dictated the employment policies of SAYS, including but not limited to the decision to classify Plaintiff Williams and other similarly situated employees as exempt from overtime.

25. At all times relevant to this lawsuit, Defendant Walsh held himself out to Plaintiff Williams to be fully in charge of Defendant SAYS.

### III. Jurisdiction and Venue

26. Plaintiff seeks a declaratory judgement under 28 U.S.C. §§ 2201 and 2202 regarding his rights under the FLSA.

27. Plaintiff seeks compensation and other relief under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

28. At all times relevant to this lawsuit, Williams has been entitled to the rights, protections, and benefits provided under the FLSA 29 U.S.C. §201, *et seq.*

29. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

30. This Complaint also alleges violations of the AMWA, with alleged violations arising out of the same set of operative facts as the federal cause of action herein alleged.

31. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

32. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Arkansas.

33. No exemptions or exceptions to the application of the FLSA or AMWA apply to Plaintiff.

## IV. Factual Allegations

34. Williams repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

35. Williams and other similarly situated employees were employees of SAYS within the preceding three (3) years and were entitled to the protections of the FLSA and the AMWA.

36. Williams worked in the Lewisville, Arkansas facility of SAYS and such facility was operated and controlled by SAYS.

37. Defendants are, and at all times relevant to this action have been, subject to the requirement under U.S.C. § 207 that employees may not work more than forty (40) hours per week without receiving "overtime" compensation at a rate of not less than one and one-half times their regular rate of pay.

38. Williams was paid fourteen ($14) dollars per hour for forty (40) hours per week during the last three (3) years.

39. Williams worked over forty (40) hours per week.

40. Williams worked over eighty (80) hours every two (2) weeks.

41. A thirty (30) minute lunch break was deducted from Williams' recorded time each day.

42. Williams was routinely denied the opportunity to take a thirty (30) minute lunch break.

43. Williams routinely worked after the normal, scheduled work schedule.

44. Williams' primary duty did not include managing Defendant; or a department or subdivision of Defendant.

45. Williams did not have the authority to hire or fire other employees.

46. Williams did not make recommendations to Defendants regarding the firing, advancement or promotion of other employees.

47. Williams did occasionally provide Defendant with his opinions about some applicants for jobs at SAYS.

48. Williams did not receive any overtime compensation.

49. Williams and other similarly situated employees regularly worked in excess of forty (40) hours per week in one or more weeks without being compensated at the rate of one and one-half times their regular rate of pay.

50. Williams and other similarly situated employees claim to have been denied proper overtime compensation for all weeks in which they worked in excess of forty (40) hours. Defendant has in its possession and/or should have in its possession records showing the hours worked and/or some of the hours worked by Williams and other similarly situated employees, which will be requested during discovery and will enable Williams and other similarly situated employees to be more specific as to the weeks they worked in excess of forty (40) hours.

51. Defendant classifies, and at all times relevant to this Complaint has classified the SAYS Team Leader and SAYS Supervisor positions as "exempt" from the overtime requirements of the FLSA and the AMWA.

52. Defendant required Williams and other similarly situated employees to work in excess of forty (40) hours per week without receiving proper overtime compensation under the FLSA and under the AMWA.

53. Defendant required Williams and other similarly situated employees to work so many hours in some weeks that Defendant violated the minimum wage provisions of the FLSA and the AMWA, in addition to the overtime provisions of the FLSA and the AMWA.

## V. Collective Action Allegations

54. Williams, on behalf of himself and other similarly situated employees, alleges and incorporates by reference all paragraphs above as if they were set forth herein.

55. Williams brings his First Claim of Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees.

56. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), as prospective members of the FLSA Collective Action are similarly situated to Williams and have claims that are similar to Williams' First Claim for Relief.

57. Questions of law and fact common to the collective action as a whole include, but are not limited to, the following:

a.  Whether Defendants unlawfully failed and continue to fail to compensate their employees for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

b.  Whether Defendants unlawfully failed and continue to fail to pay minimum wage compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

c.  Whether Defendants unlawfully failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*;

d.  Whether Defendants' failure to pay overtime to its employee was willful within the meaning of FLSA;

e.  Whether Defendants failed and continue to fail to maintain accurate records of actual time worked by their employees;

f.  Whether Defendants failed and continue to fail to record or report all actual time worked by their employees;

g.  Whether Defendants' alleged failure to pay for all hours worked has deprived Williams and similarly situated employees of the minimum wage guaranteed to them under the FLSA, 29 U.S.C. § 206; and

h.  Whether Defendants failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by its employees.

58.  Williams and Defendants' other employees are similarly situated and subject to its common practice, policy, or plan of refusing to compensate employees according to minimum wage laws, to pay employees for all hours worked, and refusing to pay overtime in violation of the FLSA.

59. The names and addresses of Defendants' other employees are available from it, and notice should be provided to the other employees via first class mail to their last known address as soon as possible.

60. Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all others similarly situated, who have held the positions of Team Leader or Shift Supervisor

61. The Plaintiff seeks certification as a Collective Action to be described as follows: All individuals who were, are, or will be employed by SAYS in the SAYS positions at the SAYS facilities and were misclassified as exempt from the provisions of the FLSA in the past three (3) years, which have not opted-in to any other class or collective action in other venues, and worked in excess of forty (40) hours per week without overtime compensation.

## VI. First Claim for Relief

**(FLSA 29 U.S.C. § 201 et. seq., Brought by Plaintiff on behalf of himself and all FLSA Collective Action Plaintiffs)**

62. Williams on behalf of himself and all FLSA Collective Action Plaintiffs, repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

63. At all relevant times, Defendants have been and continues to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. At all relevant times, Defendants employ or have employed employees, including Williams, who have been and/or continue to be engaged in interstate commerce and or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Defendants have had gross operating revenue in excess of $500,000 annually.

66. The Plaintiff in this action, Curtis Williams ("Williams") will sign a Consent to Join Collective Action form pursuant to Section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. Other individuals may sign consent forms and join as plaintiffs in the future.

67. The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

68. Defendants has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and other similarly situated employees one and one half times their regular rate for all hours worked in excess of forty (40) hours per week during Plaintiff's employment as described in this Complaint.

69. Defendants deprived Williams and other similarly situated employees of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

70. Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and other similarly situated employees.

71. Defendants were, and are, subject to the overtime pay requirements of the FLSA because it, as an enterprise, and their employees are engaged in commerce.

72. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

73. In some weeks, Plaintiff and others similarly situated may have worked so many hours that Defendants violated the minimum wage provisions of the FLSA, in addition to overtime provisions. 29 U.S.C. § 206(a)

74. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

75. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. Second Claim for Relief

**(Individual Claim for Violation of AMWA Overtime and Minimum Wage Violations)**

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

78. The AMWA required and requires Defendants to pay Plaintiff one and one half times his regular rate for all hours worked over forty (40) hours per work week during the applicable statutory limitations period.

79. Defendants required Plaintiff to work in excess of forty (40) hours in many if not all weeks, but failed to pay Plaintiff overtime compensation for all of the hours in excess of forty (40) hours each week.

80. Defendants deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

81. Defendants' conduct and practice as described above, is and/or was willful, intentional, unreasonable, arbitrary and in bad faith.

82. In some weeks, Plaintiff may have worked so many hours that Defendants violated the minimum wage provisions of the AMWA, in addition to overtime provisions.

83. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees provided by the AMWA.

## IX. Prayer for Relief

WHEREFORE, premises considered, Plaintiff Curtis Williams, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) An order of this Court, entering judgement in Plaintiff's favor against each Defendant, jointly and severally.

(b) A declaratory judgment that the Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*

(c) A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq.*, and the related regulations.

(d) Judgment for damages for all unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*

(e) Judgment for damages for all unpaid overtime and minimum wage compensation under the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq.*, and the related regulations.

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period.

(g) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark Code Ann. § 11-4-201, *et seq.*, and the related regulations.

(h) Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

(i) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(j) Such other and further relief as this Court may deem necessary, just and proper.

RESPECTFULLY SUBMITTED,
CURTIS WILLIAMS,
Individually and on behalf of all
others similarly situated

By_____
Steve Schulte AR Bar # 2005180
Schulte Law Firm
2024 Arkansas Valley Dr. #707
Little Rock, AR 72212
(501) 907-7070
steve@schultelaw.com

14